### MAIER v COX et

Ohio Appeals, 1st Dist Hamilton Co

No 4176. Decided June 27, 1932

Harry Neal Smith, Cincinnati, and Fred L. Maier, for plaintiff in error.

Wm. F. Fox, Cincinnati, for defendants in error.

8

HAMILTON, J.

The question of law for determination is whether or not Maier, the assignee, could be held personally liable for the rental of the premises occupied by him in carrying out the assignment of the Chemical Company to him.

The contention of the plaintiff in error is, that Maier, who incurred the debt in carrying out the assignment, could not be personally held for the rental.

It appears from the separate findings of fact filed in the trial court that Maier found it would cost approximately $500 to move the property of the Chemical Company, his assignor, and put it in condition for sale. He, therefore, retained the premises for that purpose. Later, the owners of the premises made written demand that the assignee assume the lease, or be bound for the occupancy. The assignee declined to assume the lease. The assignee remained in the premises until an involuntary petition in bankruptcy was filed against the Chemical Company, at which time the District Court in the bankruptcy proceeding took charge of the affairs and assets of the Chemical Company.

Maier, the assignee, did not pay any rent to the owners of the property for the seventy day period, and denies any personal liability therefor.

The law is, that an assignee can create no new debts, for which the estate would be liable. The owner of the property was not involved in the assignment and was not in privity with the assignee as such. For new debts created by the assignee in the administration of the assignment, he is primarily personally responsible. The hiring of an attorney, or expenses incurred for labor, gas, electricity, and the paying of rental to house the assets, are all obligations created by the assignee, for which he is, as above stated, primarily personally liable. He may take credit in his account filed in the case, and may be allowed such as the court may find proper expenditures. This would reimburse the assignee for expenditures made for the benefit of the trust.

That such creditors must look to him personally, is borne out by the fact that they could not sue him as assignee, for the reason that this would be equivalent to recognizing the power of the assignee to create new obligations for the assignor.

It has been held that in the administration of an estate in the Probate Court, that the employment of counsel is primarily a personal obligation, for which the administrator may be reimbursed on allowance of expenses by the Probate Court.

It must be borne in mind that this law suit involves no question of personal liability **for any obligation of Maier's assignor.**

Our conclusion is:—That Maier became personally liable for the occupancy of the premises under the circumstances stated, and the trial court was correct in so finding.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, is affirmed.

ROSS & CUSHING, JJ, concur.